IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY W. MCCRAY, | § | |
| | § | |
| Defendant-Below, | § | No. 615, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. No. 0608002441 |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted:  November 18, 2014
Decided:    November 24, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **ORDER**

This 24th day of November 2014, it appears to the Court that:

(1)    On November 3, 2014, the Court received the appellant's notice of appeal from a Superior Court order, dated September 29, 2014, denying his motion for correction of an illegal sentence.  Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before October 29, 2014.

(2)    The Senior Court Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.  The appellant filed a response to the notice to show cause on November 18, 2014.  In his response, the appellant argues that his *pro se* status means he should be held to a less stringent standard.

(3)    Time is a jurisdictional requirement.[1]   A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]   An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]   Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4)    The appellant does not claim that court-related personnel are responsible for his untimely filing.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] Supr. Ct. R. 10(a).

[3] *Carr v. State*, 554 A.2d at 779.

[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).